IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PAUL COOPER                                                    PLAINTIFF

           v.            Civil No. 09-02039

ARKANSAS STATE HIGHWAY AND
TRANSPORTATION DEPARTMENT                                      DEFENDANT

## <u>O R D E R</u>

NOW on this the 27th day of July 2009, comes on for consideration Defendant's **Motion to Dismiss Complaint** (document #4) and **Motion to Dismiss Amended Complaint** (document #7), and Plaintiff's respective objections thereto (documents #5 and #12). The Court, being well and sufficiently advised, finds and orders as follows:

1. Plaintiff Paul Cooper ("Plaintiff") commenced this action on April 9, 2009, asserting claims against Defendant Arkansas State Highway and Transportation Department ("Defendant") for employment discrimination and failure to promote in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*. ("Title VII"), and the Arkansas Civil Rights Act of 1993, Arkansas Code Ann. § 16-123-101, *et seq*.  In addition to full back pay, compensatory and other damages, Plaintiff seeks a permanent injunction prohibiting Defendant from engaging in the discriminatory policies and practices alleged in the complaint.

-1-

2. On May 6, 2009, Defendant filed its first **Motion to Dismiss Complaint** (document #4), wherein it asserts that Plaintiff improperly filed this action against the "Arkansas Highway & Transportation Department" rather than the "Arkansas State Highway and Transportation Department." Defendant says that Plaintiff served Mr. Dan Flowers with the Arkansas State Highway and Transportation Department, but such entity is not a named party in this lawsuit.

On May 19, 2009, Plaintiff filed a **Motion to Amend the Complaint** (document #6), wherein Plaintiff sought to amend his complaint to properly name the Arkansas State Highway and Transportation Department as the defendant herein. Defendant filed no objection to Plaintiff's motion and the Court granted it accordingly. Plaintiff has since filed his Amended Complaint (document #10), which correctly names the Arkansas State Highway and Transportation Department as the defendant.

In view of the foregoing, the Court finds that Defendant's first **Motion to Dismiss Complaint** (document #4) is now moot and should, therefore, be denied.

3. As to Defendant's pending **Motion to Dismiss Amended Complaint** (document #7), Defendant now argues that Plaintiff's Arkansas Civil Rights violation claims, Title VII failure to promote claim, and claim for injunctive relief should be dismissed on several grounds. First, Defendant says that the Eleventh

Amendment bars federal-court jurisdiction over Plaintiff's Arkansas Civil Rights violation claims.   Second, Defendant asserts that Plaintiff's claim for injunctive relief is not proper under Ex Parte Young, 209 U.S. 123 (1908).   Third, Defendant says that Plaintiff's Title VII claim for racial discrimination, based on failure to promote, is barred because Plaintiff failed to exhaust his administrative remedies with respect to this particular claim.

In response, Plaintiff agrees that his Arkansas Civil Rights Act violation claim and claim for injunctive relief are improper and should be dismissed.   However, Plaintiff maintains that his Title VII claim for failure to promote is proper and should not be dismissed.

In view of the foregoing, the Court will dismiss Plaintiff's Arkansas Civil Rights Act violation claim and claim for injunctive relief, and address Plaintiff's remaining Title VII claims.

4.   A Title VII plaintiff must exhaust administrative remedies before bringing suit in federal court. Cottrill v. MFA, Inc., 443 F.3d 629, 634 (8th Cir. 2006).   That is, a claimant must first timely file an administrative charge with the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e-5(e); Cottrill, 443 F.3d at 634.

The administrative charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b).   If the EEOC

gives the individual a right-to-sue letter following its investigation, the charge limits the scope of the subsequent civil action because "the plaintiff may [only] seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." Cottrill, 443 F.3d at 634 (quoting Nichols v. Am. Nat'l Ins. Co., 154 F.3d 875, 886 (8th Cir. 1998)). Permitting claims to be brought in court which are outside the scope of the underlying EEOC charge would "circumscribe the EEOC's investigatory and conciliatory role and deprive the charged party of notice of the charge." Id.; Kells v. Sinclair Buick-GMC Truck, Inc., 210 F.3d 827, 836 (8th Cir. 2000).

In the instant case, Plaintiff filed an EEOC charge on August 13, 2008 –- following his termination of employment with Defendant in April 2008. In the EEOC charge, Plaintiff states his claims as follows:

> I was employed in December 1995, as a Single Axle Truck Driver. I was promoted to Backhoe/Front End Loader Operator in 1997. In July 2003, I filed an EEOC charge (251-2003-02359) and I later filed in US District Court. On March 24, 2008, I was suspended without pay. On May 24, 2008, I received a letter dated May 19, 2008, stating that I was being terminated effective April 2, 2008.
>
> I was suspended without pay pending termination due to an altercation that I had with a white Team Leader and a white Assistant District Engineer. The white Assistant Engineer that I had the altercation with suspended me. I was told that my termination was due to the altercation. However, the two other white employees were not suspended or terminated.

-4-

> I believe that I was suspended and terminated because of
> my race, black and in retaliation for filing the
> previous EEOC charge in violation of Title VII of the
> Civil Rights Act of 1964, as amended.

The foregoing administrative charge makes no mention of any failure to promote Plaintiff.  This conclusion is supported by the fact that, in the EEOC charge, Plaintiff states specifically that the dates of the alleged discrimination were between March 24, 2008 (the date of Plaintiff's suspension) and May 24, 2008 (the date Plaintiff was notified of his termination).  According to the complaint, the alleged failure to promote occurred in October 2006. This date is well before the date range cited in Plaintiff's EEOC charge.  Additionally, although given the option of doing so, Plaintiff did not indicate that there was discrimination of an ongoing or continuing nature -- such as a continuing failure to promote him.

As it is evident that the claims set forth in Plaintiff's EEOC charge are for unlawful suspension and termination due to race, and retaliation for filing a prior EEOC charge, the relevant inquiry here becomes whether the failure to promote claim set forth in the complaint is like or reasonably related to Plaintiff's EEOC charges. See Cottrill, 443 F.3d at 634.  While the Eighth Circuit does not require that subsequently-filed lawsuits mirror the underlying administrative charges, it does not permit the sweep of a complaint to go beyond "the scope of the EEOC investigation which

could reasonably be expected to grow out of the charge." <u>Wedow v. City of Kansas City, Missouri</u>, 442 F.3d 661, 674 (8th Cir. 2006) (quoting <u>Duncan v. Delta Consol. Indus., Inc.</u>, 371 F.3d 1020, 1025 (8th Cir. 1999)). This is a case where the sweep of the complaint does just that.

Given the straightforward and limited allegations set forth in Plaintiff's EEOC charge, the Court finds that this charge would not lead the Commission to investigate whether Plaintiff was denied promotions during the course of his employment with Defendant due to his race. And, while the Court will "liberally construe an administrative charge for exhaustion of remedies purposes, we also recognize that 'there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made." <u>Parisi v. Boeing Co.</u>, 400 F.3d 583, 585 (8th Cir. 2005) (quoting <u>Shannon v. Ford Motor Co.</u>, 72 F.3d 678, 685 (8th Cir. 1996)). Thus, the Court finds that Plaintiff has failed to exhaust his administrative remedies as to this particular claim. Accordingly, Plaintiff's claim of failure to promote due to race should be dismissed.

It follows that Defendant's Motion to Dismiss Amended Complaint should be granted.

**IT IS THEREFORE ORDERED** that Defendant's first **Motion to Dismiss Complaint** (document #4) should be, and it hereby is, **denied.**

-6-

**IT IS FURTHER ORDERED** that Defendant's second **Motion to Dismiss Amended Complaint** (document #7) should be, and it hereby is, **granted.**

Accordingly, Plaintiff's Arkansas Civil Rights Act violation claim (Count II of the complaint) and claim for injunctive relief (Count III of the complaint) are hereby dismissed. Moreover, Plaintiff's Title VII racial discrimination claim for failure to promote is dismissed. This case shall proceed on Plaintiff's remaining Title VII claims as set forth in Count I of the complaint.

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**